UNITED STATES DISTRICT COURT
OF
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LENELL JORDAN , <br>     PLAINTIFF, <br><br>     -V- <br><br> BRANDON PHERSON, individually <br> and in his Official Capacity as Aramark <br> Supervisor at the Putnamville Correctional <br> Facility <br><br> BELINDA WAGNER, individually and <br> in her capacity as Aramark Supervisor DOL <br> Facilitator at the Putnamville Correctional <br> Facility. <br><br> KEITH HARTZELL, individually and <br> in his capacity as Deputy Warden of Operation, <br> at the Putnamville Correctional Facility. <br><br>     DEFENDANTS, | ) <br> ) <br> )   COMPLAINT <br> ) <br> ) CIVIL ACTION NO # 2:20-cv-00021-JPH-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FILED**
3:33 pm, Jan 14, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

## I. JURISDICTION

This is a Civil Action authorized by 42 USC Section 1983 redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 USC Section 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 USC Section 2201 and 2201. Plaintiff Mr. Jordan claims for injunctive relief are authorized by 28 USC Section 2284 and Rule 65 of the Federal Rules of Civil Procedure.

The Southern District of Indiana is an appropriate venue under 28 USC Section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

1. Plaintiff, **Lenell Jordan,** is and was at all times mentioned herein a prisoner of the State of Indiana in the custody of the Indiana Department of Corrections. He is currently confined in Putnamville Correctional Facility, in Greencastle, Indiana 46135.

## III. DEFENDANTS

2. Defendant, **Brandon Pherson**, is the Supervisor for Aramark Food Service of Putnamville Correctional Facility.

3. Defendant, **Belinda Wagner**, is the Assistant Supervisor for Aramark Food Service and DOL IN2WORK Program facilitator of Putnamville Correctional Facility.

4. Defendant, **Keith Hartzell,** is the Deputy Warden of Operation of Putnamville Correctional Facility. He is legally responsible for the operation of Putnamville Correctional Facility and for the welfare of all inmates of that prison.

5. Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each Defendant acted under the color of State Law.

## IV. Facts

6. At all times relevant to this case, Plaintiff Lenell Jordan worked in the kitchen at Putnamville Correctional Facility.

7. On December 6th, 2018, Mr. Jordan, offender Juan Martinez, and Aramark Supervisor/DOL Facilitator Ms. Wagner were in the kosher kitchen. Mr. Jordan was cooking and preparing other meals when he was asked by another Aramark Supervisor to fix Jordan's beard guard, two minutes later Aramark Supervisor Mr. Pherson comes out

of their office and say "Mr. Jordan lets go you're fired." Mr. Jordan asked what for, Mr. Pherson says, "You're beard guard."

8. The following day which would have been December 7th, 2018, Mr. Jordan was put on hold from his job, and Jordan's program until Mr. Jordan went to CAB. That same day, Mr. Jordan caught up with Mr. Pherson on the walk during movement. Mr. Jordan asked Mr. McPherson, "Why you make false accusation on my conduct report?" Mr. McPherson response was because I can.

9. On December 13th, 2018, Mr. Jordan went to CAB screening. Mr. Jordan pled not guilty and wanted to see the camera footage and to call or ask Aramark Supervisor Ms. Wagner as Mr. Jordan witness.

10. Thursday December 18th 2018 Mr. Jordan was found guilty of a Class C Conduct, Mr. Jordan was told by the CAB Officer that Mr. Jordan was to be taken off hold in which the CAB Officers further said that Mr. Jordan should not have been put on hold for a Class C Conduct report. To go back to work and be put back in the DOL Program that Mr. Jordan was removed from.

11. The following day, Mr. Jordan was still on hold when Mr. Jordan was told that Mr. Jordan was to report back to work in the PDR and the DOL IN2WORK Program

12. On December 27th, 2018, which was 2 weeks later Mr. Jordan was taken off hold after being told on the 18th of December Mr. Jordan was to report back to work and the DOL Program.

13. On or about January 2nd, 2019, Mr. Jordan wrote a request to Deputy Warden Hartzell about Mr. Jordan situation and or problem that Mr. Jordan was having with Mr. Pherson Aramark Food Service Supervisor.

3

14. On or about January 8th, 2018, Deputy Warden Hartzell came to the PDR to talk to Food Service Supervisor Mr. Pherson and Supervisor Ms. Wagner about Mr. Jordan getting kicked out of the DOL Program. IN2WORK Program.

15. The following week, January 16th, 2019, Mr. Jordan was fired and reclassed from the PDR, right after Deputy Warden Hartzell came to talk to Mr. Pherson and Ms. Wagner. Mr. Jordan felt that it was retaliation for having Deputy Warden Hartzell come and talk to them about Mr. Jordan getting kicked out of the DOL IN2WORK Program.
Later that morning Mr. Jordan goes to see Mr. Reedy Counselor and/or Reclass Officer and he told Mr. Jordan he was being reclassed out of the PDR. (Exhibit C) Mr. Jordan asked why and Mr. Reedy response was "Mr. Pherson does not want you in the PDR anymore."

16. On January 16th, 2019, Mr. Jordan went to talk to Mr. Williams the Grievance Specialist Officer about Jordan's problem. He said it's a classification situation and gave Mr. Jordan a classification appeal form that Mr. Jordan filled out the day of January 16th, 2019. Mr. Williams also told Mr. Jordan a Class C Conduct Report does not get you kicked out of a Program. Jordan's Classification Appeal is attached as Exhibit A

17. On or about January 20th, 2019, Mr. Jordan started talking to fellow offender Bobby Binion. Because he was going through the same situation and/or problem, Mr. Binion had caught a Class B Conduct Report-Financial Transaction.

18. Later that day, Mr. Jordan got with Mr. Binion and asked Mr. Binion how he got his situation and/or problem addressed. Mr. Binion stated, "I wrote Deputy Warden Hartzell a request telling him about what Mr. Pherson and Ms. Wagner were trying to do to me!"

19. Mr. Binion had advised Mr. Jordan to write and send a request to Deputy Warden Hartzell asking for his help because at that time he was the Deputy Warden of Re-Entry and the DOL Coordinator of all programs. (Exhibit D)

20. Mr. Jordan wrote Deputy Warden Hartzell but got no response back.

21. A few days later, that would be January 22nd, 2019, Mr. Jordan caught up with Deputy Warden Hartzell walking from the Education Building. Mr. Jordan and Mr. Binion were together coming from the PDR getting there lunch sack.

22. Mr. Jordan stopped Mr. Hartzell and asked him why he has not responded to Plaintiff Jordan's request. Mr. Hartzell states," I can't help you." Mr. Jordan states, "you helped Mr. Binion with his situation you got him back in the IN2WORK Program." so how is it you cannot help me? But you can help MR. Binion? Mr. Hartzell words were, "I can't do nothing for you."

23. Mr. Hartzell started to walk away. Mr. Jordan stopped him and said, I feel that was racist and racially bias, you can help a white male offender but not help a black male offender. Mr. Hartzell said you violated Aramark's rules and Mr. Binion spoke up and said "I did too but you helped me." Mr. Jordan stated, "I will be filing a grievance on you." Mr. Jordan grievance is attached as Exhibit B. (A detailed statement from the Offender Mr. Binion provided as Exhibit G)

24. ON January 28th, 2019, Jordan's Classification Appeal came back and Mr. Jordan got denied the appeal.

25. On or about February 11th, 2019, Mr. Jordan called his parents to inform them of the ongoing situation and or problems Mr. Jordan was having with Aramark Staff and with administration Deputy Warden Hartzell and to call down state to make them aware.

5

26. On February 28th, 2019, Mr. Jordan got his grievance back with a black line though it and without a signature, and without a reason for the black line. Mr. Jordan grievance is attached as Exhibit B.

27. That same day, Mr. Jordan went to go see the Grievance Specialist Mr. Williams about Jordan's grievance, and he told Mr. Jordan that it is not grievable. Mr. Jordan stated racial issues don't matter when its custody or administration staff. Then Mr. Williams asked Mr. Jordan to leave his office please.

## V. Exhaustion of Legal Remedies

28. Plaintiff Mr. Jordan used the prisoner grievance procedure available at Putnamville Correctional Facility to try and solve the problem. On February 4th, 2019, Plaintiff Mr. Jordan grievance came back with a black line through the middle of it. Jordan's grievance is attached as Exhibit B and Classification is attached as Exhibit A

29. On March 3rd, 2019, Mr. Jordan wrote Deputy Warden Mr. Phegley a request for interview about the grievance and the request for interview that Mr. Jordan wrote Deputy Warden Hartzell and Plaintiff Mr. Jordan did not get a response from Mr. Phegley.

## VI. Legal Claim

30. Plaintiff Mr. Jordan re-allege and incorporate by reference paragraph 1-29.

31. Defendant Pherson violated IDOC Policy 02-04-101 (Exhibit F) and Administration Procedure for firing Plaintiff Mr. Jordan over a Class C Conduct Report. Plaintiff Mr. Jordan was told by the CAB Officers that Plaintiff Mr. Jordan were to report back work and the IN2WORK Program which Plaintiff Mr. Jordan was removed from.

32. Defendant Pherson also violated Plaintiff Jordan's First Amendment Rights under the United States Constitution for retaliation against Plaintiff Jordan's job and program situation Plaintiff Mr. Jordan was having with Defendant Pherson, and causing Plaintiff Mr. Jordan pain, suffering, physical injury, and emotional distress. It has also prevented Plaintiff to fulfill the Courts goal of rehabilitation and earning a Department of Labor Certificate for said IN2WORK Program.

33. By witnessing Defendant Pherson illegal action and failing to correct that misconduct, and encouraging the continuation of the misconduct, the Defendant Wagner also violated Plaintiff Jordan's rights under the First Amendment to the United States Constitution and causing Plaintiff Jordan pain, suffering, physical injury, and emotional stress; also for hindering his progress to rehabilitation and increasing his ability to be successful upon his release had he been allowed to complete such program.

34. Defendant Deputy Warden Hartzell actions violated Plaintiff Jordan's Equal Protection Rights under the fourteenth amendment. When Plaintiff Mr. Jordan wrote Defendant Hartzell about Plaintiff Jordan's situation Plaintiff Mr. Jordan was having with Defendant Pherson and Defendant Wagner. When Defendant Hartzell responded and got Mr. Binion and another white male offender back into the IN2WORK Program Plaintiff Mr. Jordan felt that was racially motivate because both male offenders had a Class B Conduct Reports, and one of those were job related. Defendant Hartzell violated Plaintiff Jordan's rights under the fourteenth Amendment to the United States Constitution, and is causing Plaintiff Mr. Jordan pain, suffering, physical injury, and emotional distress.

35. Plaintiff Mr. Jordan has no plain, adequate, or complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by

the conduct of the Defendant Hartzell unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this court enter judgment. Granting Plaintiff Mr. Jordan a declaration that the acts and omissions described herein violate his rights under the Constitution and Laws of the United States; and a preliminary and permanent injunction ordering Defendant's Mr. Pherson, Ms. Wagner, and Deputy Warden Hartzell to cease their physical violence toward Plaintiff Mr. Jordan; and Granting Plaintiff Mr. Jordan compensatory damages in the amount of $75,000.00 against Defendants Mr. Pherson and Ms. Wagner; and $100,000.00 against Deputy Warden Hartzell jointly and severally.

Plaintiff Mr. Jordan seek punitive damages in the amount of $300,000.00. Plaintiff Mr. Jordan seeks these damages against Defendant Deputy Warden Hartzell jointly and Plaintiff also seek a jury trial on all issues triable by jury. Plaintiff also seeks recovery of his cost in this suit, and any additional relief this court deems just, proper, and equitable.

Dated: January 13rd, 2020

Respectfully Submitted,

Lenell Jordan # 105214
15 North 47-LA
1946 West US HWY 40
Greencastle Indiana 46135