UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LENELL JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00021-JPH-MJD |
| | ) | |
| BRANDON PHERSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Lenell Jordan, an inmate at the Putnamville Correctional Facility (PCF), brings this action pursuant to 42 U.S.C. § 1983. Because Mr. Lewis is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Jordan names three defendants: (1) Brandon Pherson; (2) Belinda Wagner; and (3) Keith Hartzell. Mr. Jordan alleges violations of his First and Fourteenth Amendment rights.

Mr. Jordan worked in the kitchen at PCF as part of a Department of Labor (DOL) program called "IN2WORK." According to his complaint, on December 6, 2018, Mr. Jordan was preparing food when an Aramark supervisor told Mr. Jordan to fix his beard guard. Two minutes later, Mr. Pherson, also an Aramark supervisor, came out of his office and told Mr. Jordan that he was fired due to the beard guard. Mr. Jordan received a Class C conduct report.

The next day, Mr. Jordan was put on hold from his job so that a disciplinary hearing ("CAB hearing") could proceed on his write-up. Mr. Jordan asked Mr. Pherson why he made false accusations on his conduct report, and he responded, "Because I can."

On December 18, 2018, Mr. Jordan was found guilty at the CAB hearing. The CAB officer told Mr. Jordan that he should not have been put on hold for a Class C write-up and that he should return to his job and the DOL program. However, Mr. Jordan remained on hold until December 27, 2018.

Around January 2, 2019, Mr. Jordan wrote to Deputy Warden Hartzell to ask for his assistance in dealing with Mr. Pherson. Mr. Hartzell is the deputy warden of re-entry and the DOL Coordinator of all the prison's programs. Mr. Hartzell spoke with Mr. Pherson and Ms. Wagner, another Aramark supervisor, about Mr. Jordan's removal from the DOL program. On January 16,

Mr. Jordan was fired from the program. Mr. Jordan alleges his firing was retaliation for asking Mr. Hartzell to speak with his supervisors.

Mr. Jordan spoke to a grievance specialist officer who also told him that a Class C conduct report should not have resulted in his removal from a DOL program and that he should fill out a classification appeal. Mr. Jordan filled out the grievance form on January 16.

Mr. Jordan spoke to another inmate, Bobby Binion, who had been dismissed from a program for receiving a Class B Conduct report. Mr. Binion told him that Deputy Warden Hartzell had helped him get back into the program. Mr. Jordan wrote to Mr. Hartzell but received no response.

Mr. Jordan subsequently saw Mr. Hartzell and asked why he had not responded to his letter. Mr. Hartzell told him he could not help him. When Mr. Jordan mentioned that Mr. Hartzell had helped Mr. Binion in a similar situation, Mr. Hartzell responded, "I can't do nothing for you." Mr. Jordan told Mr. Hartzell that he believed he was helpful to Mr. Binion but not to him because Mr. Binion is white and Mr. Jordan is black.

Mr. Jordan wrote a grievance about Mr. Hartzell, and it was returned to him with a black marker line through it. Mr. Jordan spoke to the grievance specialist, who told him that racial issues between inmates and custody or administration staff are not grievable.

Mr. Jordan alleges that Mr. Pherson violated DOC policy by firing Mr. Jordan over a Class C Conduct Report. Mr. Jordan alleges that Mr. Pherson violated his First Amendment rights by firing him out of retaliation for filing grievances about Mr. Pherson's conduct.

Mr. Jordan alleges that Ms. Wagner violated his First Amendment rights by witnessing Mr. Pherson's removal of Mr. Jordan from his kitchen job and the DOL program and not intervening but rather encouraging the continuation of the misconduct.

Mr. Jordan alleges that Mr. Hartzell violated his Fourteenth Amendment right to equal protection by helping a white inmate with his job issues but not him.

Mr. Lewis seeks compensatory and punitive damages. He also seeks injunctive relief ordering the defendants "to cease their physical violence toward Plaintiff." However, nowhere in his complaint does he mention any acts of violence.

### III. Discussion

Mr. Jordan's claim that his firing was improper because Mr. Pherson failed to follow IDOC procedure **is dismissed** for failure to state a claim upon which relief can be granted. "The Constitution does not give prisoners any substantive entitlements to prison employment." *Soule v. Potts*, 676 F. App'x 585, 586 (7th Cir. 2017) (citing See *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)). Furthermore, Mr. Jordan's allegation that the defendants failed to follow IDOC policy does not rise to the level of a constitutional violation on its own. *See Beley v. City of Chicago,* 901 F.3d 823, 828 (7th Cir. 2018) ("Mere violation of a state statute does not infringe the federal Constitution.") (internal quotation omitted); *Brown v. Randle,* 847 F.3d 861, 865 (7th Cir. 2017) ("[R]emedies in § 1983 suits are for violations of federal law only."). However, Mr. Jordan's First Amendment retaliation claim against Mr. Pherson **shall proceed**.

Mr. Jordan's First Amendment claim against Ms. Wagner **is dismissed**. Individual liability under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is

4

necessary.")). Mr. Jordan's allegation that Ms. Wagner observed Mr. Pherson fire Mr. Jordan from the program without intervening is not the type of active personal participation that rises to a constitutional deprivation. And he does not describe what Ms. Wagner did to encourage any misconduct. In short, Mr. Jordan does not include any facts from which the Court could draw an inference that Ms. Wagner violated his rights.

Mr. Jordan's claim for injunctive relief **is dismissed** for failure to state a claim upon which relief can be granted. Mr. Jordan does not allege that any of the defendants committed any act of physical violence against him.

Mr. Jordan's Fourteenth Amendment equal protection claim against Deputy Warden Hartzell **shall proceed**.

This summary of claims includes all viable claims identified by the Court. If Mr. Jordan believes that additional claims were alleged in the complaint but not identified by the Court, he shall have through **May 13, 2020**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Brandon Pherson and Keith Hartzell in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate Belinda Wagner as a defendant on the docket.

**SO ORDERED**.

Date: 4/17/2020

                                                *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LENELL JORDAN
105214
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to the following DOC employee:
Deputy Warden Keith Hartzell

Brandon Pherson, Aramark Supervisor
PUTNAMVILLE CORRECTIONAL FACILITY
1946 West U.S. Highway 40
Greencastle, Indiana 46135-9275

Aramark Corporation
1101 Market Street – Aramark Tower
Philadelphia, PA 19107-2988